CASE 95—INDICTMENT—October 28.

# Williams v. Commonwealth.

### APPEAL FROM BELL CIRCUIT COURT.

1. HOMICIDE—EVIDENCE.—Upon a trial for murder it is competent for the defendant to testify that he believed at the time of the killing that he was in danger at the hands of the deceased.

2. INTRODUCTION OF TESTIMONY.—While the trial court has a reasonable discretion in the matter of allowing either party to introduce additional testimony in chief after the close of his testimony, the court should not allow the introduction of testimony out of the usual order, except for good cause.

   After the close of the testimony in chief for the Commonwealth upon a trial for murder, and after several witnesses for defendant had testified, the attorney for Commonwealth stated that a certain witness for the Commonwealth had answered, and was in the court-room, and asked that he be sworn and put under the rule and allowed as an eye-witness to testify in chief, as the defendant's testimony had not closed, but the motion was overruled. At conclusion of defendant's evidence this same witness was introduced by the Commonwealth in rebuttal, but was allowed to testify as to the position of the deceased at the time he was shot, which was the main issue of fact. *Held*—That this testimony was in chief, and, in view of the time and manner in which the witness was allowed to testify, an undue advantage was given to the Commonwealth, and the substantial rights of the defendant were prejudiced.

EDWARD W. HINES FOR APPELLANT.

1. It was competent for defendant to testify that he *believed* he was in danger at the hands of deceased. (People v. O'Brien, 78 Cal., 41; McKown v. Hunter, 30 N. Y., 625; White v. Tucker, 16 Ohio St., 468.)

2. It was error to allow the Commonwealth to introduce testimony in chief after it had closed its testimony, no reason being given why the witness was not introduced sooner.

J. R. SAMPSON OF COUNSEL ON SAME SIDE.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

Even if the rejected testimony was competent, it could not have affected the result, and defendant was not prejudiced by its rejection.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The homicide in this case occurred under the following circumstances:

William Dickinson, deceased, was in some way connected with a butcher-shop belonging to his brother, and came back to the shop from a trip made to purchase cattle, drunk, and with a pistol in his hand drove another employe away.   An agent of the shop-owner, who was absent, upon being informed of his conduct, went to the place, and he was also compelled to leave. Thereupon the accused, Rogers Williams, a deputy sheriff, was sought and applied to by the agent to go and arrest him.   A man named Hall, who, it seems, had some influence with the deceased, went into the shop, leaving the accused at the door, and tried to persuade deceased to give up his pistol; but instead of doing so the pistol, according to the testimony of Hall, was presented towards him, and threatening and defiant language used by the deceased.   The accused then told the deceased to consider himself under arrest, and to throw up his hands, and very soon fired his pistol with fatal result.   And the material and decisive question of fact in the case is, what position the deceased had his pistol in, and what he said and did just before he was shot.

A witness named Brooks, who had been off on the trip with deceased and drank liquor with him, testified he was in the shop at the time of the killing, and that the deceased, when told by the accused he was his prisoner and directed to throw up his hands, arose and stood in a stooping position, his head hanging down and pistol in his hand hanging down in front

of him, and was in that position when the accused, from his position at the door, shot him.   Another witness testified he was passing by the door, and saw deceased, when told by accused to do so, throw up his hands, but the pistol he had was pointed considerably above accused when he fired.   On the contrary, the accused testified that when he went to the shop door he spoke to deceased, and, after being recognized, told him he was his prisoner, and to throw up his hands, whereupon the deceased used the words "No you don't," and turned his pistol and pointed it at accused, and he then drew his own pistol from his pocket and fired; and his statement is corroborated by that of Hall.

During examination of the accused as a witness he was asked whether at the time he shot he believed he was in danger at the hands of the deceased, but objection to the question made by attorney for the Commonwealth was sustained by the court, although it was averred in writing the answer would be in the affirmative.   We think the court erred in refusing to permit answer to that question, for while mere belief on part of the accused he is in danger does not avail unless he has reasonable grounds for the belief, still an inference unfavorable to the defense may well be drawn by the jury from the failure of the accused, having chance to do so, to swear he did believe he was in danger when he fired upon the deceased.

After close of testimony in chief for the Commonwealth, and several witnesses for defense had been examined, the attorney for the Commonwealth stated to the court Goucher, a witness on the indictment for

the Commonwealth, had answered, and was in the court-room, and asked that he be sworn and put under the rule, and allowed, as an eye-witness, to testify in chief, as the defendant's testimony had not closed; but objection then made to the motion was sustained. However, at conclusion of the defendant's evidence, Goucher was introduced as a witness by the Commonwealth, and testified he was present when the killing occurred, and that Brooks, the witness, was at the time in the meat shop. That statement was perhaps competent in rebuttal of previous testimony for the defense that Brooks was not there; for if he was not present, of course his version of the manner in which the killing took place was unworthy of belief.. But the further question was asked the witness how the deceased, Dickinson, had his hands when shot, and over objection of the defendant the witness was permitted to then testify that he, "Dickinson, had his hands up when shot." That statement can not be regarded in any sense rebutting testimony, but was in chief, and related to the main issue of fact, about which witness for the Commonwealth and for the defense had already testified, and in regard to which the evidence on both sides had, according to the rule of proceeding laid down in the Criminal Code, been closed.

It is well settled that the trial judge has a reasonable discretion in such case, but there should always be good cause for introduction of testimony out of the regular order, especially where injustice may likely result therefrom. Here the court had already decided, for reasons, we must presume, deemed sufficient, against

the motion of the attorney for the Commonwealth, to put the witness, Goucher, under rules, and permit him to testify in chief; yet, after the defendant's testimony was closed, that witness was permitted to be the first time sworn, and to testify on the main issue of fact after being present and hearing all the previous testimony on that issue. We think, in view of the time and manner in which that witness was permitted to testify, an undue advantage was given the Commonwealth, and the substantial rights of the accused were thereby prejudiced. Wherefore, for the errors mentioned, the judgment is reversed, and cause remanded for a new trial.