## Duff v. Commonwealth.

(Decided May 8, 1913.)

### Appeal from Perry Circuit Court.

1. Intoxicating Liquors—Unlawful Sales—Weight and Sufficiency of Evidence.—In a prosecution under the local option laws, evidence held to support the finding of the jury.
2. Intoxicating Liquors—Unlawful Sales—Evasion of Local Option Laws.—A delivery of liquor, sold in local option territory, in a county other than where the sale is made, is an evasion of the local option laws.
3. Trial—Evidence in Rebuttal.—Evidence which merely contradicts that offered by the opposite side was properly admitted in re-

buttal. Evidence in chief offered in rebuttal and admitted will not authorize a reversal unless the substantial rights of the litigant are prejudiced thereby.

W. C. EVERSOLE for appellant.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

At the September, 1912, term of the Perry Circuit Court John A. Duff was indicted for the unlawful and illegal sale of liquor in Perry County, in violation of the local option law, within twelve months next preceding. A trial resulted in his conviction, and from the judgment predicated on that verdict he prosecutes an appeal and seeks a reversal, primarily upon two grounds: First, error of the court in permitting evidence in chief to be introduced in rebuttal; and, second, because the verdict is not supported by the evidence.

The evidence shows that the appellant lived in Perry County near the Breathitt County line, the North Fork of the Kentucky River separating the two counties at that point. Sometime in January or February, 1912, preceding the date of the indictment, William Baker, James Baker, and John Morris went to the home of appellant to buy some whiskey. They testify that they bought $20 worth, this being five gallons at $4 per gallon, and paid for same; that the whole transaction took place in Perry county; and that this purchase was made in January or February preceding the finding of the indictment. Appellant and some three or four witnesses, introduced by him in his behalf, testify that the sale was made after the fashion described in the case of John A. Duff v. Commonwealth, this day decided, that is, while the application for the whiskey was made in Perry county, it was, in fact, sold in Breathitt county, and that the sale complained of was made in 1910 rather than in 1912, as alleged by the witnesses for the Commonwealth. If the witnesses for the Commonwealth are to be believed, the sale was made in Perry county and within twelve months next before the finding of the indictment. This question was fairly submitted to the jury by an instruction, of which no complaint is made.

As to the complaint that the court erred in permitting, in rebuttal, evidence which should have been offered

in chief, it is sufficient to say that practically all of the evidence complained of was properly introduced in rebuttal. Indeed, all, that these witnesses offered in rebuttal testified to, was in contradiction of appellant and his witnesses. But, even if it should be conceded that some of the questions propounded should have been brought out in their evidence in chief, we would not hold that, on this account, the case should be reversed, for it not infrequently happens in the trial of a case that counsel, in the examination of a witness overlooks some material, important question, and even after he has closed in chief, the court, in the exercise of that broad discretion which he has, may, in furtherance of justice, permit the omitted question to be asked; and it is only in cases where this discretion is abused and the substantial rights of the litigant are prejudiced by reason thereof, that a reversal would be ordered or justified. This principle is fully established by the opinions of this court in the following cases: Abbott v. Commonwealth, 23 Rep., 226; Williams v. Commonwealth, 90 Ky., 596; Truax v. Commonwealth, 149 Ky., 699; Henson v. Commonwealth, 139 Ky., 173.

Appellant is, by the record, shown to have been operating in open violation of law in both Perry and Breathitt counties, in each of which the local option law is in force. There is absolutely no merit in the claim that the sale was made in Breathitt county, and it is apparent that this crossing of the river and making the actual delivery of the whiskey in Breathitt county, if his contention be accepted as true, can afford him no relief, when the sale was made in Perry county. He had a fair trial, and the judgment is affirmed.