## Fenley Model Dairy v. Secuskie.

(Decided February 1, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas, Fourth Division).

1. Trial—Jury is Sole Judge of Witnesses' Credibility.—Jury is always sole judge of the question of credibility of witnesses.
2. Damages—$1,500.00 for Destruction of New Dodge Automobile and for Bruises Received by Plaintiff Held Not Excessive.—$1,500 damages for destruction of new Dodge automobile of $1,000.00 value, together with bruises requiring expenditure for medical attention and confinement, held not excessive.

3. Trial—In Absence of Request, Court Need Not Admonish Jury Not to Consider Question to which Objection was Sustained.— Court is not under obligation to admonish jury not to consider question to which objection was sustained, unless requested to do so by complaining party.

4. Trial—Cross-Examining Defendant Relative to Employe Having Threatened to Tell Truth About Automobile Accident Held Not to Require Discharging Jury After Sustaining Objection Thereto. —In action for damages in automobile collision, mere asking of question relative to whether defendant's employe, who was driving automobile, had not threatened to tell the truth about accident, to effect that he was on wrong side of road, held not to constitute such misconduct as to require discharging jury; objection being sustained thereto.

5  Trial—Counsel's Argument that Defendant's Witness was Receiving Additional Pay from Defendant to Testify Held Proper Under Evidence.—Counsel's argument, to effect that one of defendant's witnesses had been paid by defendant to come to testify, held proper under evidence showing that witness received not only traveling expenses but was paid for his time in addition to usual witness fee.

6, Trial—Counsel's Argument that Defendant had Procured Witnesses to Testify Plaintiff was Intoxicated at Time of Automobile Collision Held Not Misconduct Under Evidence.—In action for damages resulting from automobile collision, counsel's argument that defendant had procured witnesses to state plaintiff was intoxicated at time of accident held not to constitute misconduct, in view of evidence justifying conclusion that defendant was attempting to prove plaintiff was intoxicated.

7. Appeal and Error—Questioning Witness, in Action for Damages in Automobile Collision, Relative to Insurance Business with Defendant, Held Not Prejudicial.—In action for damages in automobile collision, questioning witness relative to being engaged in insurance business, and whether he had insurance business with defendant, while not relevant, held not so prejudicial as to warrant granting a new trial because of being intended to impress on jury fact that defendant carried insurance on car.

JOHN E. TARRANT, WILLIAM MARSHALL BULLITT and BRUCE & BULLITT for appellant.

WOODWARD, WARFIELD & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The truck of appellant, Fenley Model Dairy, collided with the Dodge touring car of appellee, Secuskie, on the 18th street road, a short distance out of Louisville, and demolished both vehicles, injuring appellee, Secuskie. His suit for damages against the Model Dairy was

answered by a counterclaim for similar damages against him. Each alleged and attempted to prove that their vehicle was traveling along 18th street road at a moderate rate and that the vehicle of the other party was so negligently operated upon the wrong side of the road as to run into and strike the vehicle of complainant. Both the petition of the plaintiff and counterclaim of the defendant stated a cause of action against the opposite party. The evidence was much the same in that each testified and attempted to prove by other witnesses that his car was on the right side of the road and proceeding at a moderate rate under control, while the car of the other party was on the wrong side of the road, traveling at a high rate of speed and negligently managed. There was evidence from which the jury might have concluded that either, or both, of the drivers were guilty of negligence but for which the accident would not have happened, and returned a verdict for or against either of them. The case was submitted to a jury by instructions which presented the theory of each party, and neither party is now seriously complaining of the instructions.

The jury returned a verdict for appellee, Secuskie, for $1,500.00, upon which judgment was entered. This appeal is from that judgment, the appellant, Fenley Model Dairy, complaining (1) that the verdict was contrary to the evidence, (2) that the jury awarded excessive damages, and (3) misconduct of counsel for appellee both in examination of the witnesses and in argument before the jury.

(1)   The verdict is not contrary to the evidence, but is supported by the evidence, although there is evidence to the contrary. It was largely a matter of credibility of the witnesses and the jury is always the sole judge of this question.

(2)   We do not think the damages awarded were excessive. The Dodge car of appellee, Secuskie, was a new one for which he had paid something more than $1,000.00. It was almost completely destroyed. Secuskie was thrown from his vehicle through the windshield into a deep ditch by the side of the road, where he was struck by milk bottles and other flying objects, and injured in his head, body and limbs. Some of those who happened to be passing at the time testified that they saw him at the time of the accident and when he came out of the ditch and that he seemed to be addled and severely injured. He was

bleeding from several contusions and was covered with mud and milk. The lobe of his ear was cut in two and his wrist was bleeding. He expended a considerable sum of money for medical attention as a consequence of the injuries, and was confined in the hospital and at his home for about three weeks after the accident and was under the care of a physician for several weeks more. A recital of the facts, it would seem, is sufficient to convince a reasonable person that the damages are not excessive.

(3) Misconduct of counsel of which appellant complains is set out in his brief as follows:

"A. Leading the jury to believe that Fenley's driver had previously had numerous accidents.

"B. Without basis, asking if Fenley's driver had not threatened Fenley with an admission that the accident was his fault.

"C. Arguing that Fenley's most important witness was paid for testifying.

"D. Charging that Fenley improperly influenced witnesses to testify that Secuskie was drunk.

"E. Implanting in the minds of the jurors the idea that an insurance company was the real party defendant."

(a) The first ground of complaint under this head is based upon the following evidence:

"Q. Who was driving your car?

"A. A young man by the name of Fey.

"Q. How many accidents had be been in before?"

To this question objection was made by appellant and sustained by the court. The court did not admonish the jury not to consider the question, but it had no right to consider the question as it was not answered, and heard no evidence, and the court is not under obligation to admonish the jury in such a situation unless requested to do so by the complaining party, and no such motion or request was made.

(B) It is next complained that counsel for appellee improperly asked on cross-examination of appellant, Fenley, this question: "Q I want to ask you if it is not true that before he (Fey) left you, he said to you, when you had that disagreement, that if you did not treat him right he would come to town and tell the truth about this

accident and tell that he was on the wrong side of
the road?'' To which question appellant by counsel ob-
jected, and his objection was sustained; thereupon coun-
sel for appellant moved the court to discharge the jury
and to continue the case, but this motion was overruled,
to which ruling counsel for appellant excepted. The
question was propounded to appellant himself. It had
been shown that he and his witness, Fey, had disagreed
about some matter. It was also appellee's contention
that the evidence given by Fey, the driver of the truck of
Fenley at the time of the accident, was untrue in that it
did not show that the truck was on the wrong side of the
road, as contended by Secuskie. Under the circum-
stances we are unable to say that the question was alto-
gether improper. Granting that it was incompetent we
do not think that the mere asking of the question was that
character of misconduct on the part of counsel as would
have warranted the trial court in discharging the jury
and continuing the case. The court did not allow the wit-
ness to answer the question and there is nothing in the
evidence to show just what the witness would have said
in answer to the question. This ground, therefore, is not
well taken.

(C)   The next objection is to argument of counsel
made before the jury to the effect that the witness Fey
who testified in behalf of Fenley had been paid by Fenley
to come to testify as a witness. The record shows that
Fey did not reside in Louisville at the time of the trial
and, when directed to be there, came at the instance of
Fenley. Counsel for appellee asked:

"Q.  Who paid your expenses down here to tes-
tify?
"A.  Mr. Fenley paid them here.
"Q.  Pay you for your time?
"A.  Yes, sir.
"Q.  Pay you anything else?
"A.  No, sir; that is my agreement, expenses
and salary while I was down here. I have got a fam-
ily and I cannot leave them without that.''

Unmistakably the evidence shows the witness was to
receive not only his traveling expenses but was to be paid
for his time, not merely the usual witness fee, but some
additional pay in accordance with the salary he was
drawing. It seems to the court that it was legitimate for

counsel to discourse upon this evidence before the jury because it may have borne upon the credibility of the witness.

(D)   Neither is there substance in appellant's complaint that counsel for appellee was guilty of misconduct in arguing to the jury that appellant, Fenley, had procured the witnesses, Barnes and wife, to state that appellee, Secuskie, was intoxicated at the time of the accident.   One of these witnesses said, speaking of Secuskie just after the accident and he came out of the ditch, "To look at him you would have thought he was drunk, and we just surmised that he was dazed from the shock." Other witnesses stated, "It seemed as though he (Secuskie) was in a rather dazed condition."

Appellant insists that counsel for appellee charged appellant with inducing witnesses to say that Secuskie was drunk when he was not, in order to discredit him in his case.   It does not appear that the evidenve quoted would warrant the conclusion that anybody induced the witness to say that appellee was drunk, but these witnesses who testified for appellant did intimate that they were drinking. It is not altogether unreasonable or illogical to conclude from the testimony that it was the object of appellant to prove, if it could, that appellee was not badly injured but only intoxicated, and that the accident was the result of his intoxication.

(E)   It is next insisted that counsel for appellee was guilty of misconduct in asking a witness introduced at the trial about whether he was engaged in the insurance business and whether he had any insurance business with appellant, which, it is intimated, was intended to impress upon the minds of the jury the fact that appellant carried insurance upon his car.   No evidence of that sort could have been introduced.  The mere asking of the question, "Doesn't the firm of Allgeier & Kock do business in an insurance way with Fenley?" amount to such misconduct as would warrant the setting aside of the verdict and a reversal of the judgment.   Mr. Fenley may have had much insurance altogether disconnected with Allgeier & Koch, and with the automobile accident. While this evidence was not relevant, we do not find it so prejudicial as to warrant the granting of a new trial. Upon the whole we think appellant had a fair and impartial trial, and the judgment is affirmed.