## Bailey v. Commonwealth.

(Decided November 18, 1930.)

H. E. HAY for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS VEST, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

The appellant, Willie Bailey, was indicted in the Estill circuit court and charged with the offense of detaining a woman against her will with the intent to have carnal knowledge with her himself, which is a statutory one created by section 1158 of our present statutes. At his trial he was convicted and punished by confinement in the penitentiary for two years, and complaining thereof he prosecutes this appeal, urging by his counsel only one ground for a reversal of the judgment, and which is, that the verdict is not sustained by sufficient evidence and is flagrantly against it.

A brief statement of the substance of the testimony heard at the trial will suffice to demonstrate the fallacy of that argument. The prosecutrix, Nora Shuler, was unmarried and not quite 18 years of age at the time, while appellant was about 21 years of age. They both

lived in the same neighborhood and not far from a country store, to which latter place the prosecutrix had gone on some errand for the family. Before departing for her home, appellant appeared at the store, and another neighboring girl, Lily McIntosh, who was some younger than the prosecutrix, was also there. The three lived upon the same road leading from the store and left at about the same time, Miss McIntosh residing nearest to the store, the appellant farthest therefrom, and that of the prosecutrix being located between them. En route home the prosecutrix testified that appellant at one point lagged behind her and Miss McIntosh and addressed to the latter, as witness thought, a vulgar remark, but whether the addressee heard it the witness expressed doubt, although she said positively that she (witness) did hear it. When the McIntosh residence was reached, Miss McIntosh went into her home and appellant proceeded ahead until he, according to the testimony of prosecutrix, was apparently gone; but instead of continuing his journey he stopped in a hollow a short distance or near to the point opposite the home of prosecutrix, who had along with her a young child four years old. When they arrived where he was located by the side of the road, he engaged her in conversation and almost at once made indecent proposals, which she stubbornly and with marked animation declined; whereupon he grabbed her and tore some of her clothing. She then hollowed, and he pursued his journey, but earnestly requested her to say nothing about it; whereupon she said: ''I told him he couldn't give me a thousand dollars not to tell it.''

Witness said no other person was present except the four year old child who was with her, but defendant and Charlie Curry both testified that the latter was present also. Miss McIntosh testified and corroborated in part the prosecutrix, except she stated that she heard no vulgar remark from the appellant addressed to her or any one else, and she knew nothing of what happened after she stopped at her home. Appellant and Curry admitted being upon the road with the prosecutrix and having a conversation with her at the point where she left it for her home, which was some distance from the road. That conversation, as told by appellant and his witness, consisted in some talk about appellant buying some eggs from the family of the prosecutrix and about the feeling of her stepfather towards him, which deterred him from going to the home to buy any eggs, a business

in which he claims to have been engaged. He then stated that after that conversation he and Curry continued their journey toward appellant's home, stopping, however, at a neighbor's residence.

The testimony of the prosecutrix has the appearance of being seriously given and she was not shaken by a lengthy and skillful cross-examination. It has none of the aspects or earmarks of a manufactured story, and if in giving it she was falsifying, she must be accredited with skillfulness in that respect. At any rate, the most that can be said is, that there was pitted against her positive testimony that of appellant, who is extremely interested, and that of his witness, Charlie Curry, with everyone admitting that all of the testimony of the prosecutrix was true, except the carnal assault.

We have frequently written that a verdict, even in a criminal prosecution, could not be held to be flagrantly against the evidence from the mere fact that it was against the testimony of the greater number of witnesses, and that rule is now firmly established in this and other jurisdictions. The inherent nature of the testimony itself, its probabilities when measured by well-known standards of human conduct, together with all of the circumstances in the case, may be looked to by the jury or triers of the facts in reaching a correct conclusion as to the truth in the matter. The testimony of the prosecutrix is neither unreasonable nor out of the ordinary with respect to persons so inclined as was appellant if the story of his victim is true. It is therefore clear that the only ground urged for a reversal, measured by the well-established rule, supra, is unavailing for that purpose.

Wherefore the judgment is affirmed.