## Stigall v. Commonwealth.

(Decided Jan. 15, 1935.)

H. C. KENNEDY for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Jessie Stigall was indicted and convicted in the Pulaski circuit court for the crime of robbery and sentenced to three years in the penitentiary. He appeals.

It was charged that he robbed J. H. Hancock of his watch and knife. He was arrested on the charge in Newcastle, Ind., and returned to Pulaski county. After the evidence had been closed in chief for both sides, the commonwealth's attorney recalled the appellant and asked him if he did not say to Sheriff Clyde Hubble and Deputy Sheriff Edward Thurman, on his way back from Newcastle to Somerset, that he took the old man's watch for safe-keeping and was going to take care of it for him. His answer was: "I don't think I did."

The sheriff and deputy sheriff were then called, and they testified that appellant made the statement to them that he had taken the old man's watch, but that he took it for safekeeping. Appellant's counsel objected and

excepted to this evidence, and the propriety or impropriety of this evidence is the only question involved on this appeal.

It is insisted that **(1) the court** exercised an abuse of discretion in permitting this testimony to be introduced after both sides had closed in chief; and (2) if it was competent for the purpose of contradicting appellant as a witness, the **court should** have admonished the jury of its purpose.

The trial court has the right to exercise a reasonable discretion in admitting testimony in chief by rebuttal witnesses, especially where no injustice may likely result therefrom. Traux v. Commonwealth, 149 Ky. 699, 149 S. W. 1033; Williams v. Commonwealth, 90 Ky. 596, 14 S. W. 595, 12 Ky. Law Rep. 525; Cargill v. Commonwealth, 93 Ky. 578, 20 S. W. 782, 14 Ky. Law Rep. 517.

Appellant does not claim that he was taken by surprise or otherwise unprepared to meet the issue with respect to the alleged statement testified to by the officers. If this evidence had been introduced in chief, appellant could have done nothing more than deny it, which he did, in rebuttal. The jury had the full benefit of his denial of the statement, and no doubt it had the same effect that it would have had if the evidence had been introduced in chief.

This evidence having been introduced in rebuttal, it may have been proper for the court to have admonished the jury of its purpose; but the record does not disclose that appellant asked the court to admonish the jury, and for that reason appellant cannot now complain. The court is under no obligation to admonish a jury with respect to the purpose of evidence, when it is competent for any purpose, unless requested to do so by the complaining party. Fenley Model **Dairy v.** Secuskie, 218 Ky. 59, 290 S. W. 1044.

A judgment of conviction will not be reversed for an error not prejudicial to the substantial rights of the accused. Section 340, Criminal Code of Practice.

An examination of the record as a whole convinces us that the court did not exercise an abuse of discretion, and, finding no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.