Donald Edwin McBRAYER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 7, 1966.

Robert S. Miller, Miller, Griffin & Marks, Lexington, for appellant.

Robert Matthews, Atty. Gen., Darryl T. Owens, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Donald Edwin McBrayer was convicted of armed robbery and sentenced to imprisonment for life. He appeals and urges that there was an improper joinder of offenses in the indictment, the evidence is insufficient to support the verdict, and the instructions are erroneous.

Appellant and Wilbur G. Smith, a friend, both of Raceland, with other friends attended the state high school basketball tournament in Louisville. He and Smith, in separate cars, on their way home stopped at the Downtowner Motel in Lexington to stay overnight. They had dinner and made dates for the evening. Each man, with his date, spent the evening watching television in his room. They occupied adjoining rooms with connecting door.

At approximately 3 a. m., the motel was robbed by a single bandit, who was flashing a pistol and wearing a ski mask and a dark overcoat. The bandit approached the desk clerk from a side door which was twenty to twenty-five feet from the room of appellant. Smith checked out of the motel for appellant although appellant had walked through the lobby on the way to breakfast.

About five to six hundred dollars in checks payable to Downtowner Motel and two to four hundred dollars in cash were taken. A week or so after the robbery appellant cashed five of the checks, with some other checks, where he regularly did his banking business.

Warrants charging knowingly receiving stolen property and armed robbery were served on appellant. The indictment in two counts charged both offenses. Appellant urges that the offenses were improperly joined in violation of RCr 6.18, in that the two offenses were not "the same or similar offenses." Appellant did not object to the joinder until the close of the Commonwealth's testimony.

RCr 9.16 makes it mandatory for a defendant to raise the question of misjoinder before the jury is sworn. This was not

done by appellant. His excuse that he did not know he would be prejudiced until evidence of both offenses was given in the trial availeth nought. Inasmuch as he permitted the trial to start without raising the question of misjoinder in the indictment, he will not be permitted to ambush the Commonwealth and will not be heard to complain later. He should have anticipated the very thing of which he now complains and availed himself of relief under RCr 9.16.

 Further, if appellant considered the misjoinder as a defect in the indictment it was mandatory that he raise the objection before trial; otherwise, it would be considered as waived under RCr 8.18.

In support of his argument that the evidence is insufficient to sustain the verdict of armed robbery, appellant points to the testimony introduced in his behalf to the effect that he was in his room at the time of the robbery. This testimony was given by him and by his friend Smith. Their testimony was at variance as to the time when appellant left his room to take his visitor home and when he returned. The testimony in this respect was also in conflict with the testimony of Mary McMillan, Smith's friend, on these points. Appellant introduced two witnesses who testified that there was no gun, ski mask, or dark overcoat in his luggage or car while he was in Louisville. Appellant also assails the inability of the holdup victim, the desk clerk, to identify him although the general description given fitted.

In explanation of his possession of the checks made payable to Downtowner Motel which he cashed, appellant said that on his way home he won them in a crap game with a group of men, unknown to him, at a rest stop on Interstate Highway 64. The game lasted about a half hour. He testified that he used his money to participate in the game and the unknown men used the motel checks. He noted that they were payable to Downtowner Motel and bore its endorsement. He said that he won several checks

from several different men. When the game broke up appellant asked one of the men to endorse the checks. The man did so, using the name "George Wilson" without giving any identification as to whether that was his name or not.

 In reviewing the sufficiency of the evidence to sustain the verdict it should be pointed out that attention is directed to all of the evidence rather than to only the Commonwealth's evidence. Appellant apparently concedes the correctness of the denial of the motion for a directed verdict made at the close of the Commonwealth's testimony since this question is not raised on appeal. Counsel for appellant insists that appellant's testimony about the crap game and cashing the checks must be true because no one in his right mind would do such a thing unless he be innocent. The inference to be drawn from such conduct was one to be drawn by the jury. Certainly possession of the checks cast a burden on the appellant to explain. The nature of his testimony in explanation and its improbability, when measured by well-known standards of human conduct and when taken with all of the circumstances in the case, may be looked to by the jury as the triers of facts in reaching a correct conclusion as to the truth in the matter. Bailey v. Commonwealth, 236 Ky. 126, 32 S.W.2d 725. A jury is justified in rejecting the testimony given in defense which is intrinsically improbable when considered in the light of rules of ordinary behavior. Kearney v. Commonwealth, Ky., 386 S.W.2d 953. The evidence is sufficient to support the verdict.

 Appellant urges that the court erroneously failed to instruct the jury on reasonable doubt and on unanimity. Such objections were raised for the first time on appeal and are too late. Hartsock v. Commonwealth, Ky., 382 S.W.2d 861; Marcum v. Commonwealth, Ky., 398 S.W.2d 886. This case is identical in this respect with Rice v. Commonwealth, Ky., 387 S.W.2d 4. The comfort sought by appellant from

Marcum arises from a misunderstanding of the facts therein. It is too late to question the failure to instruct on reasonable doubt and on unanimity.

Judgment affirmed.