**Kenneth HACK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 26, 1967.

Rehearing Denied Sept. 29, 1967.

Joseph J. Grace, Paducah, for appellant.

Robert Matthews, Atty. Gen., Howard E. Trent, Jr., Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

Appellant was convicted under an indictment charging him with storehouse breaking (KRS 433.190) and grand larceny (KRS 433.220) and was given one year and six months in prison. By this appeal only the sufficiency of the evidence to convict is called into question.

On the night of March 10, 1966, one of the storage trailers of Presley Plumbing & Heating Company was broken into, and a surveyors' transit, valued at about $300, and its container were taken therefrom.

Dennis Charles Augustus testified he purchased the transit from appellant Kenneth Hack while the two were visiting at the home of one Barbara Phillips during the first part of March; that he gave appellant $2 for it, with the understanding that appellant needed the money to purchase gasoline with and would return the money and redeem the transit; that when appellant failed to redeem it, he, Augustus, sold it to James (Red) Riley in the presence of Robert Helm. Helm later purchased the transit from Riley and sold it to Harold Black for $50.

Black advertised for a tripod for the transit. An employee of Presley Plumbing & Heating Company answered the ad and identified the transit as being the one stolen from his employer. He called the sheriff who took possession of the transit as stolen property.

Barbara Phillips partially corroborated the evidence of Augustus in that she testified she was present in her home when appellant and Augustus were there, but she did not witness the transaction described by Augustus.

Appellant Hack and Augustus are admitted ex-convicts.

Appellant contends the evidence is not sufficient to convict in the light of the evidence of Riley and Helm that they did not believe the Augustus appearing as a witness for the Commonwealth was the same man who sold Riley the transit. There was evidence that the man who sold the transit to Riley had long and heavy hair and sideburns at the time of the sale. Augustus did

not have such adornment at the trial, but there was evidence he visited the barbershop shortly before the trial for the removal of his fleece.

Admittedly the evidence of Riley and Helm weakened the probative effect of Augustus' testimony, but it was not destroyed thereby. It was the province of the jury to weigh the evidence of Augustus in the light of the doubt cast on it by Riley and Helm. This the jury did. This court will not trespass on the province of the jury. Nix v. Commonwealth, Ky., 299 S.W.2d 609 (1957); Byrd v. Commonwealth, Ky., 283 S.W.2d 191 (1955); and Baker v. Commonwealth, Ky., 307 S.W.2d 773 (1957).

The judgment is affirmed.

All concur.