**Ronald Lee ROGERS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 27, 1969.

Rehearing Denied Oct. 3, 1969.

John W. Coomes, New Castle, for appellant.

John B. Breckinridge, Atty. Gen., Joseph Famularo, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

The appellant, Ronald Lee Rogers, was indicted and convicted of the offense of stealing cattle under KRS 433.250. In this, his appeal from the judgment sentencing him to two years in the penitentiary, he asserts only one ground for reversal, that the evidence is not sufficient to support the verdict of guilt.

The cattle involved were stolen from the Buford Martin farm and sold through the Bourbon Stockyards, Louisville, Kentucky. There is no contrariety in the evidence but what the cattle were stolen or that they were placed upon the market and a check issued therefor. There seems to be no great question but what the cattle in question were marketed under the name of appellant, Ronald Lee Rogers. Likewise, there seems to be no great dispute but what the cattle were hauled to the market and placed in the hands of the commission house by Arthur Yates, a cousin of the appellant, who operated a truck commercially and worked in some capacity with the stockyards. It seems to be appellant's contention that Yates' testimony, as to who called him to pick up the cattle and the circumstances surrounding his delivery of cattle to the yards, is so indefinite and uncertain that the case should not have been submitted to the jury.

We have examined the testimony with a great deal of concern and reviewed it line by line and are of the opinion that although it be uncertain in some respects and though it may seem contradictory in part, it nevertheless was sufficient to require the trial judge to submit the case to the jury. The proof shows that normally the commercial trucker, after picking up livestock, transporting them to the market and delivering them into the hands of a commission house for sale upon the market, must furnish to the commission house the name of the owner of the stock so that upon sale a check can be made out and delivered to the owner. Arthur Yates testified unequivocally that he did furnish the name of Ronald Lee Rogers as the owner of the cattle here involved. This was never questioned by Ronald Lee Rogers or any other person until after his arrest upon this indictment. One check was issued in the name of Ronald Lee Rogers for stolen cattle. This check was endorsed and cashed in that name. And even though appellant insists that he did not cash the check and no handwriting expert was introduced to show that it was endorsed in his handwriting, we believe this nevertheless was sufficient to place the matter in question and to warrant submission to the jury.

It is too much to expect that cattle can be picked up by a commercial hauler, transported to the market and sold in the name of a presumed owner, a check issued and cashed in the name of the wrong person, all by accident.

Where evidence is conflicting or different inferences may be drawn from it, the question of its weight and probative effect is one that is within the province of the jury. Hack v. Commonwealth, Ky., 418 S.W.2d 216; McBrayer v. Commonwealth, Ky., 406 S.W.2d 855. We have often held that where there is any evidence of substance no matter how slight or cir-

cumstantial, which goes toward the establishment of guilt, it is sufficient to make a jury issue. Mason v. Commonwealth, Ky., 357 S.W.2d 667; Johnson v. Commonwealth, Ky., 403 S.W.2d 36; Harlan v. Commonwealth, 253 Ky. 1, 68 S.W.2d 443. Here we believe the evidence of the witness Arthur Yates taken in its entirety was sufficient that the jury could believe that the stolen cattle were delivered into his hands for the purpose of sale by the appellant.

Judgment affirmed.

All concur.