**Donald Ray MORRISON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 23, 1972.

Gary L. Schneider, Covington, for appellant.

Ed W. Hancock, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

Appellant was found guilty by a jury of selling a dangerous drug (marijuana) in violation of KRS 217.731(4). His punishment was fixed at 5 years in prison.

Reduced to essentials, appellant's only argument is that the Commonwealth's evidence was insufficient to convict.

After an examination of the record, we find appellant's argument so unmeritorious that we shall point out only some of the abundant evidence on the question of guilt.

The evidence discloses these facts: On May 19, 1971, State Detectives William Kline and James Wells, members of the State Police assigned to the Narcotics Unit, visited the "Downstairs Club," a night club in Kenton County, Kentucky, apparently looking for "dope pushers." Kline was introduced to appellant by a Mr. Kessling, who told appellant that Kline was "all right" and for appellant "to take care of him." After some few words, Kline and appellant left the club for the parking lot where appellant got a sack of marijuana from an orange colored Barracuda automobile and sold it to Kline for $15. The license number of the car was recorded by Kline, and after investigation it was found that the car belonged to the appellant's father.

Although appellant's brother was present in the night club and resembled the appellant, Officer Kline positively identified the appellant as the person who sold him the dope.

Detective Wells also identified appellant and observed the bag containing marijuana when Kline returned to the club with same. Wells also checked the Ohio license on the orange Barracuda.

Competent evidence was presented showing that the contents of the bag which Kline said he purchased from the appellant was marijuana.

Appellant and his brother, Kenneth, denied all of this. Under our system, a jury issue was presented. Clearly the verdict of the jury was amply supported by the evidence. See Hack v. Commonwealth, Ky., 418 S.W.2d 216 (1967), and Carr v. Commonwealth, 307 Ky. 207, 210 S.W.2d 778 (1948).

The judgment is affirmed.

All concur.