NO. 07-05-0360-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 20, 2006


 ______________________________



KELLY SHAWN MAYFIELD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 50,278-D; HONORABLE DON EMERSON, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Kelly Shawn Mayfield, appeals his conviction for unauthorized use of a
motor vehicle, twice enhanced by prior felony convictions, and sentence of five years
incarceration in the Institutional Division of the Texas Department of Criminal Justice and
a fine of $3,000. Appellant's counsel has filed a brief in compliance with Anders v.
California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v.
State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). We affirm.

 Appellant was indicted for unauthorized use of a motor vehicle enhanced by two
prior felony convictions. A jury subsequently found appellant guilty of unauthorized use of
a motor vehicle. Appellant entered pleas of true to the enhancement paragraphs of the
indictment and the jury sentenced appellant to five years confinement and a fine of $3,000.

 Appellant's counsel has filed a brief, in compliance with Anders and Gainous, stating
that he has diligently reviewed the appellate record and is of the opinion that the record
reflects no reversible error upon which an appeal can arguably be predicated. Counsel
thus concludes that the appeal is frivolous. Counsel's brief presents a chronological
summation of the procedural history of the case and discusses why, under the controlling
authorities, there is no reversible error in the trial court proceedings and judgment. See
High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

 Counsel has attached an exhibit showing that a copy of the Anders brief has been
forwarded to appellant and that counsel has appropriately advised appellant of his right to
review the record and file a pro se response to counsel's motion and brief. The clerk of
this court has also advised appellant by letter of his right to file a response to counsel's
brief. Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds upon which an appeal could arguably be founded. 
See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v.
State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds.

 Appellant's counsel has moved for leave to withdraw. See Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.-Waco 1994, writ ref'd). We carried the motion for
consideration with the merits of the appeal. Having done so and finding no reversible error,
appellant's counsel's motion to withdraw is granted and the trial court's judgment is
affirmed.


 Mackey K. Hancock

 Justice



Do not publish. 



32 S.W.2d 725, 728 (Tex.App.--Amarillo1996, writ denied) (holding that
in performing its ministerial function to dismiss the action upon a motion for non-suit, the
trial court does not adjudicate the merits of the case).

 Under Rule 162 the Department was authorized to take a non-suit at any time before
it had presented all of its evidence. In Rexrode v. Bazar, 937 S.W.2d 614, 619 (Tex.App.--Amarillo 1997, no writ), we observed that Rule 162 was designed to allow a plaintiff to avoid
unexpected events or occurrences shortly before or during trial without proceeding to trial
on the merits and suffer an unfavorable judgment. Recently, we held that after a non-suit
the Department could file a second suit for termination. See In re L.J.S., 96 S.W.3d 692,
694 (Tex.App.--Amarillo 2003, pet. denied). In his concurrence, Chief Justice Johnson
noted that section 263.401 does not require new facts be alleged in a subsequent
proceeding. Id. at 696. 

 Applying section 263.401, we have held that a Rule 11 agreement in an initial
proceeding would not support judgment beyond the mandatory dismissal date in a second
suit. See In re T.M., 33 S.W.3d 341, 345 (Tex.App.--Amarillo 2000, no pet.). We also held
that the Legislature did not provide for any judicial discretion but imposed a duty on the trial
court to dismiss the proceeding. See In re L.L., 65 S.W.3d 194, 197 (Tex.App.--Amarillo
2001, pet. dism'd). However, because neither sections 263.401 nor 263.402 prohibit a
second suit by the Department following a non-suit without prejudice, nor contain a
provision abrogating Rule 162 for purposes of those sections, we hold the trial court did not
have a statutory duty to dismiss the 2003 proceeding. 

 We have not overlooked the question of the trial court's jurisdiction implied by the
Baldwins' attorney in the trial court. However, because the 2001 amendment to section
263.401(b) (3) removed the reference to the trial court's jurisdiction and the Baldwins did not
present argument, it is not presented for review. The Baldwins' sole issue is overruled. 

 Our disposition of the Baldwins' issue pretermits consideration of the Department's
contentions. Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Campbell, J., concurring.






NO. 07-04-00267-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 13, 2005



______________________________



IN THE INTEREST OF L.W.B., II, A CHILD 


_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-520,737; HONORABLE KEVIN C. HART, JUDGE


_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

CONCURRING OPINION


 I concur with the result reached by the majority. In my view, though, when the
Department of Family and Protective Services seeks termination of the parent-child
relationship, it may not take a nonsuit without the approval of the trial court. Tex. Fam.
Code Ann. § 161.203 (Vernon 2002). Here, as the court's opinion notes, the trial court
signed an order dismissing cause number 2001-514,702 without prejudice in response to
the notice of nonsuit filed by the Department. 

 James T. Campbell

 Justice 

 

1. Counsel renewed his objection to the trial court's jurisdiction that had been raised
at the original adversary hearing.
2. Although the summary of argument references the 2001 case, the context of the
issue applies to the 2003 case.
3. Prior to the 2001 amendment, sub-paragraph (b) provided in part:

 

 [o]n or before the time described by Subsection (a) for the dismissal of the
suit, the court may extend the court's jurisdiction of the suit . . . . See Act of
May 31, 1977, 75th Leg., R.S., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733,
3769.