CASE 130—INDICTMENT—NOVEMBER 20.

## Rutherford v. Commonwealth.

APPEAL FROM LOGAN CIRCUIT COURT.

1. The revisory jurisdiction of this court in criminal cases is conferred by statute. The provisions of the constitution in regard to such trials apply only to the trial court.

2. Ordinarily, to authorize a reversal, the record must show affirmatively that the accused has been prejudiced; but when the accused was denied the right to be present at the hearing of evidence against him, the court will reverse, unless it affirmatively appear from the record that he was not prejudiced.

3. Where, in a trial for homicide, the jury are directed to view the place of the killing, as provided by section 236, Criminal Code, both the judge and the accused should be present; but it affirmatively appearing in this case that their absence was not prejudicial to the defendant, the court refuses to reverse.

JOHN S. RHEA, R. S. BEVIER, AND A. G. RHEA FOR APPELLANT.

A party accused of a felony has a right to meet the witnesses face to face. It was error in the court to allow a witness to point out to the jury the place of the killing in the absence of the defendant. (Constitution of Kentucky, Bill of Rights, sec. 12; Criminal Code, secs. 183 and 236; 3 Wharton's Criminal Law, sec. 3160; 1 Bishop's Criminal Procedure, sec. 668; Louisiana Annual Reports, vol. 24, p. 46.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellant was indicted for murder, tried, convicted, and sentenced to the penitentiary for life.

On this appeal it is claimed that the court erred in directing the jury to view the place of the killing in the absence of the accused. Section 236 of the Criminal Code authorizes the judge of the trial court, when in his opinion it is necessary, to direct that the jury be taken in the custody of the sheriff to the place of the alleged killing, which is to be pointed out to them by the judge or by some one appointed by him for that purpose. In this instance the court appointed a brother of the accused and a son of the deceased to accompany the jury and point out the premises, but refused to allow the prisoner to be present. What was said or done by those who accompanied the jury does not appear, but it may be assumed that they did what the order of the court directed, and no more; that is, they simply pointed out the place of the killing, and showed the relation of the accused and the deceased to each other, as testified to on the trial.

It is insisted that this is a violation of the 12th section of the Bill of Rights, which provides that the accused shall have the right to meet the witnesses face to face.

It cannot be denied that this provision of the constitution contemplates that the accused shall always be present when testimony is offered to be given against him, and that, as a matter of fact, the simple act of pointing out to the jury, in the absence of the prisoner, the place where the offense is alleged to have been committed, is the giving of evidence in the absence of the accused, and is a violation of the provision of the constitution above quoted. (State v. Bertin, 24 La. An., 46.)

Rutherford v. Commonwealth.

It must, however, be borne in mind that in this court the accused has no constitutional rights. Our power to review the rulings of the lower court in such cases is derived from the statute, and must be exercised within the statute. Whatever our views may be in any particular case, as to whether the accused has had such a trial as is guaranteed to him by the constitution, we cannot revise the rulings of the trial court unless the authority is conferred by the statute. For constitutional rights the appeal is to the trial court, and not to this court.

The inquiry, then, is, is this such an error as will, under the statute, authorize a reversal?

In felony cases, section 340 of the Criminal Code, which went into effect January 1st, 1877, provides:

"A judgment of conviction shall be reversed for any error of law to the defendant's prejudice appearing on the record."

By an act approved March 4th, 1880, that section was amended so as to read: "A judgment of conviction shall be reversed for any error of law appearing on the record, when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby."

If this amendment is ordinarily to have any effect, it must be construed to mean that the power of this court to reverse in felony cases depends upon two things: *First.* That an error appears on the record. *Second.* The court must be satisfied, from consideration of the whole case, that the substantial rights of the accused have been prejudiced by the error complained of. But while the statute receives this construction, it must be allowed a certain flexibility which will exclude from its operation cases not reasonably presumed

to have been contemplated by the law-makers. The letter must not be so construed as to kill the spirit. *Qui haeret in litera haeret in cortice.* The theory of the Code of Practice is, that the accused did in fact have a trial in the court below which was substantially according to common law procedure. If there was no trial of that character, or if there was a so-called trial, which was only a trial in form and not in substance, it is not reasonable to presume that it was the intention of the law-makers that this court should be confined in its revisory jurisdiction to such errors as appear affirmatively on the face of the record. It is more reasonable to infer that when there is a departure from the fundamental rules of criminal procedure that this court should reverse, unless it affirmatively appear from the record that the error complained of was not prejudicial. Especially should this be the construction when, on account of the enforced absence of the accused, he is unable to make known what errors were in fact committed. Without enumerating all of the rules of criminal procedure that may be considered fundamental, it is sufficient to mention the right of the accused to trial by jury, to be heard by counsel, and to be present during the trial. (Meece v. Commonwealth, 78 Kentucky Reports, 586.)

In the case under consideration we may safely say that it appears affirmatively that appellant was not prejudiced by the refusal of the court to allow him to be present when the jury viewed the place of killing. The sheriff in whose charge the jury was placed was enjoined by the court to allow no one to converse with them, and directed that the witnesses appointed to accompany the jury should do nothing more than point out the premises. What was done by the jury or in their presence, while on this mission, does not

appear, and in the absence of any evidence to the contrary, we must presume that nothing more was done than was directed by the court. If all the evidence that the jury could have received on the view (when acting within the rule of the court, as we must presume they did), had been excluded, it is clear that the verdict must have been—guilty of murder. Under such circumstances, we are authorized in saying that the record affirmatively shows that the error complained of was not prejudicial to appellant.

When, under section 236 of the Criminal Code, the court directs a view of the place of the alleged crime by the jury, the accused, as well as the judge of the court, should be present. The presence of the prisoner and of the judge is as important as if evidence was being heard in court.

Judgment affirmed.