PHIL BELL *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—395.]

**Criminal Law—Fair Trial.**

> The Court of Appeals will not reverse for any error of law unless it appears from the record that the accused has been prejudiced in his substantial rights.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 15, 1881.

OPINION BY JUDGE HINES:

The complaint on this appeal seems to be that appellant was tried at the term during which the indictment was returned when there had been no examining trial, and the accused was not in custody on the charge embraced in the indictment. A continuance of the case was asked upon these grounds, but there was no intimation to the court that appellant had any defense to present, or that he would in any respect be in a better attitude to make defense at the next term of the court. When fundamental rights are not involved, such as trial by jury, to be confronted with the witnesses against him and to be represented by counsel, this court will not reverse for any error of law unless it appears from the record that the accused has been prejudiced in his substantial rights. Here the accused, as shown by the record, was tried by an impartial jury, was represented by counsel, and was confronted by the witness upon whose testimony he was convicted. *Rutherford v. Commonwealth,* 78 Ky. 639.

Judgment *affirmed.*

*W. N. Sweeney & Sons,* for appellant.

*P. W. Hardin,* for appellee.