## WILLIAM AUSTIN *v.* COMMONWEALTH.

[Kentucky Law Reporter, Vol. 4—29.]

**Criminal Law—Fundamental Rights.**

When fundamental rights are involved in a criminal case, such as the right of trial by jury, the right to be heard by counsel and the right to be present during the trial, the Court of Appeals will reverse unless it affirmatively appears from the record that the defendant has not been injured; but in cases where such rights are not involved the court will not reverse unless it affirmatively appears

from the record that the error complained of is detrimental to the substantial rights of the accused.

**Argument of Counsel.**

It is not error for the court to stop counsel from argument regarding the analysis of blood found on the clothing of the accused where, in fact, no analysis of such blood was shown by the evidence.

**· Jury's Viewing Premises.**

The court may direct the jury to view the premises where an offense was committed when in his opinion it is necessary, no matter at whose suggestion it is done.

APPEAL FROM GARRARD CIRCUIT COURT.

June 15, 1882.

OPINION BY JUDGE HINES:

Counsel for appellant insists upon a reversal, first, because the court instructed the jury orally after argument of counsel, and after the case had been given to the jury. The instruction complained of is as follows: "The jury have no right to decide as to the guilt of the prisoner by lot." Crim. Code (1876), § 225, provides that the court shall instruct the jury before argument of counsel, and that the instruction shall be in writing, and § 340, as amended, provides that this court may reverse for any error of law appearing on the record when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby. When these two provisions are considered together it is manifest that the first is simply directory, and that no reversal can be had except upon a consideration of the whole case; the instruction, though given orally, appears to have been prejudicial. In this case it only appears inferentially, if at all, that the instruction was oral, and it clearly appears that it could not have been prejudicial because the verdict was not arrived at by lot, either as to the question of guilt or as to the degree of punishment to be inflicted. The conclusion as to the guilt of the accused was reached by ballot, but not by lot, and there is nothing to indicate that the conclusion as to the degree of punishment was so reached, but if it had been so reached it would not be a ground for reversal.

The correct rule of construction of the last mentioned provision is, as stated in *Rutherford v. Commonwealth,* 78 Ky. 639, that

when fundamental rights are involved, such as the right of trial by jury, the right to be heard by counsel and the right to be present during trial, this court will reverse unless it affirmatively appears from the record that the accused has not been injured; but in cases where fundamental rights are not involved this court will not reverse unless it affirmatively appears from the record that the error complained of is detrimental to the substantial rights of the accused.

Second, it is complained that the court erred in stopping counsel in argument in regard to the analysis of blood found upon the clothing of the accused. This was not error because there had been no analysis of the blood, and no evidence introduced in reference thereto. It was proper for the court to say that the jury, in arriving at their verdict, should determine the truth of the charge from the evidence heard, rather than from the argument of counsel. Considerable latitude should be allowed to counsel in the argument of a cause when it is confined to the facts and circumstances of the case as developed in evidence, but outside of that limit it would rarely be a reversible error for the court to restrain the argument.

It is further insisted that evidence was heard on the view of the premises, and that the view was ordered by the court without authority, because made at the suggestion of the jury. As to the last suggestion, the Crim. Code (1876), § 236, says that a view may be ordered when in the opinion of the court it is necessary. It would appear that the making of the order by the court, no matter of whose suggestion, would be sufficient evidence of the fact that the court was of the opinion that it was necessary that the view should be had. As to the hearing of evidence on the view it is only necessary to say that the prisoner, his counsel, the judge and the jury were present, and that ample opportunity to cross-examine the witness was offered; besides, the statements made in the presence of the jury on the view had no material bearing on the question of guilt or innocence of the accused.

Judgment *affirmed*.

*O. D. McManama, Burnett & Noel, H. T. Walton,* for appellant.
*Denny & Tomlinson, P. W. Hardin,* for appellee.