CASE 19—INDICTMENT FOR NUISANCE—MARCH 17.

# City of Newport v. Commonwealth.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

THE CITY OF NEWPORT WAS CONVICTED ON AN INDICTMENT FOR SUFFER-
ING A NUISANCE AND APPEALS.    AFFIRMED.

DESCRIPTION OF PREMISES—VIEW OF PREMISES BY JURY—FAILURE OF
TRIAL JUDGE TO ACCOMPANY JURY—CITY ORDINANCE AS EVIDENCE.

Held:    1. An indictment against a city for suffering a nuisance
upon a vacant lot, which describes the lot as being "at the foot
of Twelfth street.and near the Licking river," is sufficiently spe-
cific as to the place of the nuisance.
2. The failure of the judge to accompany the jury when they went,
under his order, to view the place where the nuisance was al-
leged to exist, was not prejudicial to the substantial rights of
accused, as the lot was easily found, and the neighborhood which
was alleged to be affected by the nuisance could, without trouble,
be ascertained.
3. A city ordinance providing a punishment for maintaining a nui-
sance was not admissible as evidence for the city in a prosecu-
tion against it for suffering a nuisance.

HORACE W. ROOT FOR APPELLANT.

1. The indictment is too broad and general in its description and lo-
cation of the lot on which the alleged nuisance was charged to
have been permitted.
2. The location of the lot is too indefinite and uncertain to be identi-
fied with that certainty which good pleading demands.
3. The court refused to permit the appellant to introduce as evidence
on its behalf the ordinance of the city, designating certain places
in the city for dumping its dirt and rubbish and which expressly
prohibited the dumping of filth or garbage in the city limits.
4. The jury was permitted to view the place where the offense was
charged to have been committed, unaccompanied by the trial
judge.

### CITATIONS.

Wood on Nuisance, 2d ed., sec. 255.
Kenneday v. Commonwealth, 14 Bush, 340.
Coppage v. Commonwealth, 3 Bush, 532.
Criminal Code, sec. 236.
Rutherford v. Commonwealth, 78 Ky., 640 and 643.

CLIFTON J. PRATT, ATTORNEY-GENERAL, FOR APPELLEE.

1. The indictment must be direct and certain as regards the offense charged, and also the particular circumstances of the offense charged, if they be necessary to constitute a complete offense. Criminal Code, secs. 124 and 122.

2. A nuisance is public, when it affects the right enjoyed by citizens, as part of the public. The inquiry is, whether the act *itself* was such and the *place* was such, as the natural effect thereof, would be to annoy or offend all who came within its sphere. Wood's Law of Nuisance, 76.

3. The rule is, that the stenches and odors, must be simply offensive, such as to cause actual physical discomfort. It is not required that the odors be positively hurtful or unwholesome. A. & E. Ency. of Law, vol. 16, 952.

4. The city ordinance was not competent evidence, as the *intent or motive* is not a material question. 1 Hale P. C., 430; 36 Am. Rep., 508; 10 Am. Rep., 184; 18 Minn., 324; A. & E. Ency. of Law, vol. 16, p. 931.

5. The fact that the trial judge did not accompany the jury to view the place where the nuisance was alleged to have been committed, was not prejudicial to the rights of the defendant. 78 Ky., 639.

### OTHER CITATIONS.

Pollock on Torts, 324.
Crim. Code, 340.
Cincinnati R. R. Co. v. Com., 80 Ky., 137.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The indictment charges the city of Newport with unlawfully suffering and permitting its employe and garbage contractor to put large quantities of filth and other offensive matter—as dead animals, decayed vegetable matter and garbage—upon a vacant lot, a portion of which is in the corporate limits of the city of Newport, the lot

City of Newport v. Commonwealth.

being at the foot of Twelfth street, and near the Licking river; that the same remained on the lot, and from it there arose noxious, deleterious, and unhealthy vapors, stenches, etc., to the common nuisance of all persons in that neighborhood, etc. It is insisted on behalf of the city that the indictment is defective, because it is too uncertain and indefinite in describing the location and area of the place of the nuisance. Under section 122, Cr. Code Prac., the indictment must contain a statement of the facts constituting the offense in ordinary and concise language, and in such manner as to enable a person of ordinary understanding to know what is intended. Certainly, there can be no trouble in finding the locality of the lot upon which the nuisance is charged to exist. It is at the foot of Twelfth street, near the Licking river. It would seem that a man with the most ordinary understanding could find the lot. We are of the opinion that the language used is sufficient in describing the place where the nuisance is suffered.

The court was of the opinion that it was necessary that the jury should view the lot upon which it was charged the offense was committed. Thereupon the jury was ordered to be conducted in a body, in the custody of the proper officer, to that place. The judge did not accompany the jury, and it is urged that a new trial should be granted on that account. Section 236, Cr. Code Prac., reads as follows: "When, in the opinion of the court, it is necessary that the jury should view the place in which the offense is charged to have been committed, or in which any other material fact occurred, it may order the jury to be conducted in a body, in the custody of proper officers, and accompanied by the judge, prisoner, and counsel for each side, to the place, which must be shown to them by

the judge, or by a person appointed by the court for that purpose. The officers must be sworn to suffer no person to speak to or communicate with the jury on any subject connected with the trial, nor do so themselves, but shall merely show the place to be viewed, and return them into court without unnecessary delay, or at a specified time." It appears that the city could not have been prejudiced by the failure of the judge to have accompanied the jury. They had nothing to do except view the neighborhood which was claimed to be affected by the nuisance, and the lot upon which it is claimed it existed. The lot was easily found, and the neighborhood which it is alleged was affected by the nuisance could, without trouble, be ascertained; therefore we must hold that it affirmatively appears that the city was not prejudiced by the failure of the judge to accompany the jury. In Rutherford v. Com., 78 Ky., 639, the defendant was on trial for homicide, and the jury was directed to view the place of the killing. The court held that the judge and the accused should have been present; but, it affirmatively appearing that their absence was not prejudicial to the defendant, a reversal was refused.

It is urged that the court erred in not permitting the city to introduce as evidence an ordinance providing a punishment for maintaining a nuisance in the city. We are unable to see what bearing that has upon the question. Here the city is charged with the offense of suffering and permitting a nuisance. The mere fact that a citizen might be punished for creating one will not exonerate the city for permitting and suffering one to exist. We are of the opinion that no error occurred at the trial which prejudiced the substantial rights of the city; therefore the judgment is affirmed.