## Freeman v. Commonwealth.

(Decided November 13, 1928.)

## Appeal from McCreary Circuit Court.

1. Criminal Law.—Where bill of exceptions, including bill of evidence, was tendered by defendant without showing date when tender was made, and bill was approved by circuit judge with directions that it be filed, but there was no order filing bill of exceptions or evidence, motion to strike bills must be sustained.

2. Criminal Law.—Where neither instruction complained of nor evidence was properly before Court of Appeals, contention that instruction should not have been given cannot be sustained.

3. Jury.—Where no cause was shown for appointment of persons other than sheriff to summons jurors, action of court in designating third person to summons jurors was in violation of Criminal Code of Practice, sec. 193.

4. Criminal Law.—Jury's view of premises where homicide was committed in absence of defendant held reversible error.

H. M. CLINE for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant, John Freeman, charged with murder in the McCreary circuit court, was convicted, and his punishment fixed at life imprisonment. The Attorney General has entered a motion to strike from the record the bill of exceptions and bill of evidence. The basis of

the motion is that there is no order of court showing that it was filed in time, or that it was filled at all. At the trial term appellant was given until a certain day in the next term of court to prepare and file his bill of exceptions and his bill of evidence. A bill of exceptions referring to and including the bill of evidence was tendered, but there is nothing to indicate the day or date when such tender was made. It was approved by the circuit judge with directions that it be filed, but there is no order filing it. There is no order filing the bill of evidence. Under the authority of the case of Tipton v. Com., 207 Ky. 685, 269 S. W. 1007, and Patrick v. Com., 213 Ky. 509, 281 S. W. 498, the motion to strike the bill of exceptions must be sustained.

Appellant relies on three grounds for reversal. One is that instruction No. 4, which qualified the self-defense instruction, should not have been given. As neither the instruction nor the evidence is properly before us, we cannot sustain that contention of appellant, although if the bill of exceptions was a part of the record it appears that the contention of appellant would be meritorious.

Another ground is that the trial court, without any showing by the commonwealth and over the objection of appellant, refused to allow the sheriff to summon extra jurors required for the trial of the case, and appointed another person to summon the jurors. This appears in the record in the form of an order. Section 193 of the Criminal Code authorizes the court for sufficient cause to designate some person other than the sheriff to summon jurors. No cause was shown, and the action of the court in appointing some other person was in violation of section 193 of the Criminal Code. As this error will probably not occur on another trial, and as the case must be reversed on another ground, we will not determine whether, in view of the provisions of section 281, Criminal Code, this ground is available to appellant.

His other ground is that the jury was allowed to view the premises where the homicide was committed in the absence of appellant. This appears in an order properly entered which shows the objection of the appellant. The order also shows that appellant was absent when the premises were first viewed by the jury. It has been held by this court that the viewing of the premises is the receiving of evidence, and that it is error to allow the jury to view the premises in the absence of the ac-

cused.   Rutherford v. Com., 78 Ky. 639, 1 Ky. Law Rep.
410; Roberts v. Com., 94 Ky. 499, 22 S. W. 845, 15 Ky.
Law Rep. 341; Austin v. Com., 4 Ky. Law Rep. 29; City
of Newport v. Com., 108 Ky. 151, 55 S. W. 914, 21 Ky.
Law Rep. 1591; Underwood v. Com., 119 Ky. 384, 84 S.
W. 310, 27 Ky. Law Rep. 8.   For this error the judgment
of conviction must be reversed.

Judgment reversed, and cause remanded for pro-
ceedings consistent with this opinion.