## City of Ludlow v. Commonwealth.

(Decided Jan. 31, 1933.)

JACKSON & WOODWARD for appellant.
BAILEY P. WOOTTON, Attorney General, FRANCIS M. BURKE,

Assistant Attorney General, and ULIE J. HOWARD, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment imposing on the city of Ludlow a fine of $1,500 for maintaining a common nuisance.

The facts are these: Ludford street, which runs east and west in the city of Ludlow, and Church street, which runs north and south, intercept, but do not cross, each other. Prior to 1925, the Ludlow estate laid out a new subdivision and dedicated the two streets. Before the dedication, sewers were constructed along Church and Ludford streets, and a manhole was constructed at their intersection. After the dedication, lots abutting on these streets were sold. In 1925 or 1926, the city improved Ludford street with concrete, and placed at the corner of Church and Ludford streets a catch-basin, which it connected by a drain pipe with the manhole at the intersection. Two or three years later Church street was improved with concrete, and two catch-basins were placed in the street, one on each side and connected by a drain pipe with the sewer under Church street. The surface water which fell on the streets drained through the three catch-basins and drains into either the Church street or Ludford street sewer. It further appears that since the streets were dedicated and improved about 90 houses have been constructed in the neighborhood, which drain roof water and sewage into one or the other of the sewers. Because of the increased burden due to the improvement of the streets, and the construction of the residences thereon, the sewers are insufficient to carry off the water and sewage, which, whenever there is a good rain, back up in the basements of several residences, producing an odor so noisome, offensive, and sickening that the occupants of the houses could not eat or sleep, and which continued until the rain ceased and the basements were cleaned out. There was further evidence that this condition did not exist prior to the construction of the streets, and construction and connection of the manholes and catch-basins with the sewers.

Appellant first insists that, being a municipal corporation, it is not liable civilly or criminally for the acts of commission or omission of its officers in the per-

formance of a governmental function, with the sole exception of the construction and maintenance of its streets and public ways in a condition suitable for travel. The rule has no application to the maintenance of a nuisance. On the contrary, it is settled by numerous decisions that a city is not only civilly liable for the maintenance of a private nuisance, but is criminally liable for the maintenance of a public nuisance. City of Newport v. Commonwealth, 108 Ky. 151, 55 S. W. 914, 21 Ky. Law Rep. 1591; City of Paris v. Commonwealth, 93 S. W. 907, 29 Ky. Law Rep. 483; Commonwealth v. City of Somerset, 14 Ky. Law Rep. 238.

The further point is made that appellant is not criminally liable because the nuisance was not a public nuisance but a nuisance affecting only the occupants of a few houses, and therefore a private nuisance. If this were a case resulting solely in injury to the residences of the complaining witnesses, a different question would be presented. As a matter of fact, however, the accumulation of filth in the basements was not only offensive to the owners and occupants of the houses, but necessarily imperiled the health of the people of the neighborhood, and no rule of law is better settled than that whatever endangers the public health is a public nuisance. Roberson's New Kentucky Criminal Law and Procedure, 1424.

Another contention is that the city is not liable because it never adopted the sewers by ordinance. We do not regard that fact as material in the circumstances here presented. The city accepted the dedication of the streets with the sewers as constructed. It constructed manholes and catch-basins, and connected them with the sewers. By the use of the sewers it adopted them as a part of its sewerage system. Prior to the action of the city there was no nuisance. The nuisance was caused solely by the city's placing on the sewers a burden which they could not bear. In the circumstances it was criminally liable for the condition it alone produced.

Lastly it is insisted that the fine is excessive. Maintenance of a public nuisance is a common-law offense. The amount of the fine rests in the discretion of the jury, subject to section 17 of the Constitution, forbidding excessive fines, which the court must enforce. In Louisville & N. R. Co. v. Commonwealth, 231 Ky.

554, 21 S. W. (2d) 981, we held that fine of $1,500 imposed on a railroad for unreasonably obstructing traffic over a ford was excessive. There is greater reason for the same view with respect to the fine in question. The purpose of the fine was to punish and deter, and it was never intended that the treasury of the commonwealth should be enriched by exorbitant exactions from its citizens who, though responsible, in law, are not active participants in the offense. There was nothing wanton or willful on the part of the city or its officials. At most, the situation was due to a failure on the part of the city officials to provide for the increased burden on the sewers, or to take prompt steps to remedy the conditions after they developed. In our opinion the fine is excessive.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.