## Lee v. Commonwealth.

(Decided Oct. 18, 1935.)

(As Modified on Denial of Rehearing Jan. 17, 1936.)

W. J. STONE and W. W. POINTS for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MUR-PHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

About 8 p. m. Saturday, May 4, 1935, James Townes was killed and robbed, and, upon his separate trial under an indictment charging him and Richard Washington with this murder, Bennie Lee was convicted, his punishment fixed at death, and he has appealed.

Townes was slain in Bennie Lee's home, with Lee's axe, and Lee got and later lost in a crap game some $8 of the money taken off the dead man after he was slain. Lee testifies to the above, but says he did not strike Townes or know Washington was going to strike him and he merely received the $8 which was a part of the money Washington took from the body of Townes; but there was plenty of evidence from which the jury could believe Lee was more than a simple spectator, so we will pass on to his grounds for reversal, which we shall state as we dispose of them.

Was defendant present at jury's view of the premises?

The appellant argues the jury viewed the premises when he was not present, but the record does not disclose that fact if it be a fact.

In Rutherford v. Com., 78 Ky. 639, a death sentence was affirmed, where the accused had not been sent along with the jury to view the premises, and while the court said it was error not to send him along, yet held the error not to be prejudicial. At the very next session of the General Assembly (Acts 1882, c. 346), section 236 of the Criminal Code of practice was amended by inserting therein a requirement that *the judge, the prisoner, and counsel for each side shall accompany the jury.*

It would appear from this amendment, following at once after that decision, that no judge would thereafter send a jury to view the premises without going himself and having the prisoner and counsel for each side go along, but one did and the case reached this court. See Carney v. Com., 181 Ky. 443, 205 S. W.

408, 410, and we affirmed the judgment (a death sentence) and said in that opinion:

"The appellant did not suggest any desire to accompany the jury, or be present, when it viewed the rooms. With full knowledge of the fact that the jury had made a view of the rooms without his presence, he did not ask that the jury should be discharged. * * * The proof upon the motion for a new trial affirmatively shows that the substantial rights of the appellant were not prejudiced, by his failure to be present with the jury at the view. * * * There was no refusal to permit the appellant to accompany the jury, and the failure to send him along with it appears to have been an inadvertence, and he did not offer or express any desire to accompany it."

The question was here again in Freeman v. Com., 226 Ky. 850, 10 S. W. (2d) 827, and we said it was error for the jury to view the premises in the absence of the prisoner, and for that alone we reversed the judgment.

So this court is now committed to the view that it is prejudicial error to send the jury to view the premises if the defendant be not allowed to go along, but we have nothing to show that the accused in this case did not go along, or that he requested to do so and was refused. The presumption of regularity would indicate he went with the jury, and in the order overruling his motion for a new trial it is said: "The viewing of the premises was conducted as provided by section 236 of the Criminal Code." Surely, yea most certainly, the judge would not have signed that if in fact the prisoner did not accompany the jury. In the Carney Case, supra, we said in part:

"The appellant did not suggest any desire to accompany the jury, or be present, when it viewed the rooms. With full knowledge of the fact that the jury had made a view of the rooms without his presence, he did not ask that the jury should be discharged."

It was, therefore, held by us in that case that even if the court had overruled an express request on his part to be present at the viewing, the error was waived because no motion was made to discharge the jury therefor. The record in this case discloses none such, and for these additional reasons this ground, so earn-

estly relied on for reversal of the judgment, must be and it is disallowed. Before appellant can ask us to correct an error he must give the trial court a chance to do so. Whether the jury shall view the premises or not is by statute left to the discretion of the judge (236 Criminal Code), but when the court sends the jury to the premises, it is, while taking its view, receiving evidence and the accused has a constitutional right to be present. Rutherford v. Com., 78 Ky. 639, 1 Ky. L. R. 410; 16 C. J. p. 816, sec. 2069.

### The Trial Order.

This entire trial, which lasted two days, is covered by one order of less than twenty-five lines.

This record should have been more complete. The object in keeping such a record is to provide a written memorial of the things done by the court relative to the cause on trial. If this record had been properly kept it would have shown whether the court directed that the accused accompany the jury or not, whether he asked to do so or not, the judge's ruling thereon, etc. The record being silent, the presumption of regularity would indicate he went with the jury.

### The Instructions.

Instruction No. 1 submitted to the jury the question of Lee's guilt if he himself struck the fatal blow, and instruction No. 2 submitted the question of his guilt if Washington struck the fatal blow and continued thus:

> "and if you shall further believe from the evidence, beyond a reasonable doubt, that at the time he did so, the defendant Bennie Lee was then and there present, near enough so to do and did willfully, feloniously and with malice aforethought, and not in his necessary or apparently necessary self-defense, counsel, advise, aid and assist the said Richard Washington to so strike and kill the deceased James Townes with said axe, then in that event you should find the defendant, Bennie Lee, guilty as charged in the indictment," etc.

Appellant says the court erred when he failed to further define aiding and abetting, but we have found no case to sustain that contention, and the case he cites, Bradley v. Com., 201 Ky. 413, 257 S. W. 11, is itself

against him as he will see by examining the instruction prepared by the court in that opinion.

### Misconduct of the Attorney for the Commonwealth.

Daniel Boone Smith, Commonwealth's Attorney, said in his speech:

"You talk to me about sending this man to the penitentiary for life and letting Ruby Laffoon turn him out within a month, or before he goes out of office!"

Defendant objected, the objection was overruled, and the defendant excepted.

Time after time have we condemned the use of such arguments by attorneys for the commonwealth, and why they will persist in the use of it we cannot understand; but in only one case have we reversed a judgment on that account, and that is Berry v. Com., 227 Ky. 528, 13 S. W. (2d) 521, where the matter is extensively discussed. It can be argued that such a remark does not tell the jury anything it does not already know, and hence it is not prejudicial; but it is an unfair advantage to take, as we pointed out in the Berry Case.

In later cases, judgments have been affirmed. See the case of Tate v. Com., 258 Ky. 685, 80 S. W. (2d) 817, and cases listed in that opinion. The question is to be determined by the particular facts in each case.

Judgment affirmed.