## Commonwealth v. Denny.

(Decided Jan. 21, 1938.)

G. MURRAY SMITH and HUBERT MEREDITH, Attorney General, for appellant.

JACKSON & WIGGINS for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Certifying the law.

At the February, 1937, term of the Madison circuit court, Parkie Denny was convicted of the murder of his wife, Ethel Yates Denny, and his sentence fixed at death.

He filed a motion and grounds for a new trial consisting of six different items, and upon consideration of the motion the court sustained same and granted him a new trial. Item 2, which is involved in this appeal, reads:

"Because the Court erred in not stopping the argument of the attorney for the Commonwealth, and directing the jury to disregard the following statement of the Commonwealth's attorney, to-wit: 'This jury should not give the defendant in this case a life sentence, because he will get out in about eight years, and will kill some other woman;' that by reason of said language the jury were unduly influenced to return a verdict sentencing this defendant to death, instead of to the penitentiary for life, or acquitting this defendant on the grounds of insanity."

The order sustaining the motion does not set out any particular item or ground, but merely says:

"* * * It is ordered that the motion be and is sustained and defendant granted a new trial, to which the Commonwealth's Atty. objects and excepts."

At a subsequent day of the same term of the court, the court entered an order permitting the filing of the bill of evidence, which order reads:

"The court having granted to the defendant a new trial on the ground set forth in the motion and grounds for a new trial of the improper statements of the Commonwealth's Attorney in his address to the jury, to which ruling of the court the Commonwealth's Attorney objected and excepted, and having indicated a desire to appeal from the ruling of the court, it is hereby ordered by the court that the Commonwealth's Attorney have to and including the 20th day of March to have transcribed the testimony in this cause and file the same in the clerk's office of the Madison circuit court and the same to be used in such appeal without being copied by the clerk."

Later, an agreed schedule signed by the commonwealth's attorney and counsel for defendant was filed, which, in part, reads as follows:

"The defendant, Parkie Denny having been granted a new trial by the judge of the Madison Circuit Court on the alleged misconduct of the Commonwealth's Attorney in his address to the jury, the alleged statement being set forth in the

motion and grounds for new trial, and the Commonwealth's Attorney desiring to appeal to the Court of Appeals for a certification of the law, it is agreed that the Clerk of the Madison Circuit Court copy for this appeal the following:—etc.''

The Commonwealth has appealed for a certification of the law, insisting that the court granted defendant a new trial upon the sole ground of the statement of the commonwealth's attorney, quoted above. It is insisted for defendant, appellee, that the order sustaining the motion and ground for a new trial and granting same does not specify any particular ground, and it will not be presumed that the court granted a new trial because of the statement of the commonwealth's attorney, but may have done so upon another ground or grounds. This may be true when considered in the light of the original order alone, but in the order filing the bill of evidence the court clarified the first order by specifically stating that the court granted defendant a new trial because of the improper statement of the commonwealth's attorney in his address to the jury, and that the commonwealth's attorney desires an appeal from the ruling of the court "holding said statement prejudicial." However, there is an ink line drawn through the words "holding said statement prejudicial," which words, the trial judge says in a statement attached to brief of appellee, he erased because the order did not show the whole opinion or statement rendered by him at the time he granted defendant a new trial. His statement sets out the oral opinion delivered at the time, later transcribed and filed with the brief as stated above. In the memorandum opinion the court confined its discussion and reasons for granting a new trial to the statement of the commonwealth's attorney, citing various cases and authorities on that question only, but mentions no other ground.

In view of the statement of the court contained in the order filing the bill of evidence, the memorandum opinion, and the agreed schedule signed by respective counsel, which has the effect of a stipulation, it is at once apparent that the court granted defendant a new trial upon the sole ground of the statement of the commonwealth's attorney. Whether any one or more of the other items of the grounds for a new trial were suffi-

cient, we need not consider, because that question is not before us. The only question presented for our consideration is whether the statement to the jury by the commonwealth's attorney was sufficient to warrant a setting aside of the verdict of the jury and granting defendant a new trial.

This is no new question for this court. Like and similar arguments or statements to juries by commonwealth's attorneys have been condemned by this court as being improper; but this court has never held such statements alone to constitute grounds of reversal. Appellee cites many cases wherein this court has criticised arguments or statements of commonwealth attorneys like and similar to the one here involved, but no case is cited, and we know of none, wherein this court has reversed a conviction upon such grounds, except, perhaps, the case of Berry v. Com., 227 Ky. 528, 13 S. W. (2d) 521. However, numerous cases involving the same question have been determined by this court since the rendition of the opinion in the Berry Case.

In Holmes v. Com., 241 Ky. 573, 44 S. W. (2d) 592, 598, where the language of the commonwealth's attorney complained of was similar to the language complained of in the present case, in passing upon that question, it is said:

"However, our attention has not been called to any case holding that such statements, standing alone, will constitute reversible error except the case of Berry v. Com. [supra] where it was so held under the peculiar facts therein. * * * There are numerous cases which give recognition to the impropriety of such argument yet hold that it does not constitute such prejudicial error as will warrant a reversal." (Citing cases.)

And following the Holmes Case, supra, the question was again considered in the case of Glenday v. Com., 255 Ky. 313, 74 S. W. (2d) 332, 334, wherein a ground for reversal relied on was a statement by the commonwealth's attorney, as follows:

"Talking about life imprisonment, do you know anybody that has stayed in prison for life? Suppose he got out of there and continued his start,

murdering a man for money, what can you expect if you put him in prison now?"

The opinion in the case; supra, deals elaborately with the question involved. Without incumbering this opinion by quoting from the opinion, it is sufficient to say that the court held that ground without merit.

Again in the case of Tate v. Com., 258 Ky. 685, 80 S. W. (2d) 817, 821, wherein a similar statement of the commonwealth's attorney was involved, it is said:

"It was held by us in those and other opinions [citing cases] that such argument with reference to what might happen, if an imprisonment punishment was inflicted, was not in strict accord with proper practice, and that counsel should be prevented by the court from indulging in it upon proper motion therefor. But, notwithstanding such recognition by us, we held in those cases that a conviction would not be reversed therefor, unless other circumstances in the case clearly established the fact that it was substantially prejudicial to defendant's rights."

In the case of Lotheridge v. Com., 260 Ky. 500, 86 S. W. (2d) 278, the same question was again involved, and the court followed the Glenday Case, supra, without any reference to the Berry Case relied on by appellee. And to the same effect is Lee v. Com., 262 Ky. 15, 89 S. W. (2d) 316, 318, wherein it is said:

"It can be argued that such a remark does not tell the jury anything it does not already know, and hence it is not prejudicial."

The same question was considered in the later case of Drake v. Com., 263 Ky. 107, 91 S. W. (2d) 1009, wherein cases subsequent and contra to the Berry Case were referred to and followed instead of following the Berry Case.

It is seen that the Berry Case is out of line with all other cases dealing with the question involved, and, while that case has not been overruled in express or concise language, yet, inasmuch as it has not been followed with approval, but on the contrary, criticised by numerous subsequent opinions, it appears that it has in effect been overruled by implication. In any event it is

contrary to the great weight of authority, and we are not inclined to follow it in this case.

Another reason why the court should not have granted defendant a new trial upon the statement of the commonwealth's attorney, is that there was no objections to the statement at the time. The question was raised for the first time in the motion and grounds for a new trial. Defendant having failed to seasonably object to the statement complained of, he waived whatever effect, if any, it might have had on the jury, and his complaint now comes too late. Bradley v. Com., 204 Ky. 635, 265 S. W. 291; Drake v. Com., 263 Ky. 107, 91 S. W. (2d) 1009.

We conclude, therefore, that the statement of the commonwealth's attorney, if conceded to be improper, afforded no ground for a new trial, and the court erred in granting a new trial upon that ground.

The law is so certified.