## Lowder v. Commonwealth.

Feb. 6, 1940.

C. B. Wheeler for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Claude Lowder, has been convicted of the crime of murder and sentenced to life imprisonment. As grounds for reversal of the judgment it is urged that the evidence is not sufficient to sustain the verdict of the jury, the instructions are erroneous, and the argument of the Commonwealth's attorney was improper.

Appellant shot and killed Bill Halbert about 2 o'clock in the morning of January 4, 1939, at the home of Julia Mattingly, where both appellant and Halbert were frequent visitors. Julia Mattingly apparently had transferred her affections from Halbert to appellant a short time before the homicide. On the night of the killing, appellant and Halbert met at the Mattingly home about 10:30 o'clock, and a quarrel soon occurred. Halbert drew a pistol, ordered appellant to leave, and then followed him to the home of Charlie Robinson, who lived in the neighborhood. There the quarrel subsided, and Halbert handed his pistol to Hi Osborne. Later in the evening appellant, accompanied by Robert Salisbury, returned to the home of Julia Mattingly. Shortly thereafter, between 1:30 and 2 o'clock in the morning Halbert and Osborne entered. All of the parties had been drinking. When he saw appellant, Halbert said, "I thought I took you home awhile ago," and appellant replied, "I came back though." One word led to another, and finally Halbert drew his gun which Osborne had returned to him after they arrived at the Mattingly home. He placed his hand on appellant's shoulder and appellant knocked him down with his fist. Appellant again knocked Halbert down as he was attempting to get up, and finally they engaged in a struggle on the bed for possession of the gun. Appellant succeeded in wresting it from Halbert, and then struck Halbert several times on

the head with it, injuring him severely. The pistol was discharged during the struggle for its possession, but no one was injured. Appellant ordered Halbert to leave the house, and Halbert said: "I can't right now, I'm not able." Up to this point, there is little conflict in the evidence. Appellant testified that Halbert continued his attack in an effort to obtain possession of the pistol, and, believing that Halbert would succeed in getting possession of the pistol and would then shoot him, appellant shoved Halbert with one hand and shot him as the latter lunged at him. Henry Mattingly, the 15-year-old son of Julia Mattingly, who had been asleep in the room, testified that, after appellant had obtained possession of the pistol and had beaten Halbert, they sat on the bed about five minutes and appellant then shoved Halbert to the door of the room entering onto the porch, pushed him through the door, and shot him in the back. Appellant was corroborated by Julia Mattingly, who ran into an adjoining room when the altercation began, and Henry Mattingly was corroborated to some extent by his younger brother. Osborne and Salisbury had left the house, and were fighting on the outside when the shooting occurred. In addition to the testimony of these witnesses, there is the fact that Halbert was shot in the back, which appellant attempts to explain by saying that Halbert must have turned or twisted his body as the shot was fired. If appellant's testimony is true, he shot the deceased in self-defense, but if the evidence for the Commonwealth is true, he shot the deceased in the back when he was in no danger from the deceased and when the latter was in a helpless condition. Under these circumstances, the crime was murder and the evidence was sufficient to sustain the verdict.

In instruction No. 3 the court told the jury to acquit the defendant if they believed from the evidence that at the time he shot Halbert he believed, and had reasonable grounds to believe, he or Julia Mattingly was then and there in danger of death or the infliction of some great bodily harm at the hands of Bill Halbert and that it was necessary, or was believed by the defendant in the exercise of a reasonable judgment to be necessary, to shoot the deceased in order to avert that danger real or, to the defendant, apparent. Appellant complains of this instruction because it did not include the names of the two children of Julia Mattingly, one of whom was in the

room when the shooting occurred. There is no evidence that either of the children was in danger, and the appellant did not claim that he shot in defense of either of them. He only claimed that he believed he was in danger, and that he shot the deceased in defense of himself. Under the circumstances, the inclusion of the names of the Mattingly children in instruction No. 3 was not necessary. Williams v. Commonwealth, 276 Ky. 754, 125 S. W. (2d) 221; Combs v. Commonwealth, 259 Ky. 703, 83 S. W. (2d) 46; Waters v. Commonwealth, 250 Ky. 302, 62 S. W. (2d) 1027.

The argument of the Commonwealth's attorney, of which complaint is made, is presented in full in the bill of exceptions and covers thirty-three typewritten pages. We have read it carefully, and, while it is not an argument which we would approve as a model for Commonwealth's attorneys to follow, yet we are not prepared to say it was prejudicial to appellant's substantial rights. A majority of it is immaterial, and much of it irrelevant. It consists of a series of extravagant statements, many of them incoherent, but it is not such an argument as would appeal to or influence a jury made up of men and women of average intelligence. Some allowance must be made for the common sense and fair judgment of the jurors. Most of the statements objected to were pleas for the death penalty, but these statements could not have been prejudicial, since the jury refused to follow the advice of the Commonwealth's attorney but fixed the penalty at a life term in the penitentiary. There was really no middle ground. Under the evidence, the verdict should have been either an acquittal on the ground of self-defense or a conviction of the crime of murder, and, as we have heretofore stated, there was ample evidence to sustain the latter verdict. We think the criticized statements were without prejudicial effect on the jury. Williams v. Commonwealth, supra; Tate v. Commonwealth, 258 Ky. 685, 80 S. W. (2d) 817; Lee v. Commonwealth, 262 Ky. 15, 89 S. W. (2d) 316; Drake v. Commonwealth, 263 Ky. 107, 91 S. W. (2d) 1009; Cole v. Commonwealth, 260 Ky. 554, 86 S. W. (2d) 305; Barton v. Commonwealth, 257 Ky. 23, 77 S. W. (2d) 397; Miller v. Commonwealth, 236 Ky. 448, 33 S. W. (2d) 590.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.