## Thomas v. Commonwealth.

Oct. 1, 1940.

Charles L. Seale, Judge.

E. B. Rose and George Hogan for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Under an indictment charging him with the murder of Wilgus Steele, the appellant, Charlie Thomas, was convicted of the crime of manslaughter and sentenced to imprisonment in the state penitentiary for a term of five years. Two grounds for reversal of the judgment are relied upon: (1) The verdict is flagrantly against the weight of the evidence; and (2) incompetent testimony was admitted over appellant's objection.

Appellant married Geneva Steele, the niece of Mrs. Wilgus Steele. Geneva Steele was also the adopted daughter of Mr. and Mrs. Wilgus Steele. Soon after their marriage appellant and his wife separated, and Mrs. Thomas returned to the Steele home to live. Eight months after the separation Mrs. Thomas gave birth to a child, and she and the child continued to live with the Steeles. Bad feeling existed between appellant and Wilgus Steele, and there is proof that appellant threatened on two occasions prior to the homicide to kill Steele. Appellant and Steele lived in the country several miles from Beattyville. On the day of the homicide appellant and Steele met in Arch Combs' saloon in Beattyville. The evidence is conflicting as to what occurred on that occasion, but there is proof that Steele was under the influence of liquor and that both he and appellant flourished pistols and that each assumed a threatening attitude toward the other. In order to avoid trouble between the two men, Arch Combs, proprietor of the saloon and restaurant, assisted by others present, pushed Steele into the kitchen and sent for the town marshal. According to some of the witnesses present, appellant, with a drawn pistol, walked to the door entering into the kitchen and said to Steele: "Pull it or draw it," the inference being that appellant was trying to create an excuse to shoot Steele. The town marshal, Virgil Smith, took Steele out of the saloon, and Steele and John Kelly got into an automobile to go to Steele's

home. They stopped, however, at a roadhouse known as Herman Rowland's place on the Booneville road about 3½ miles from Beattyville. It was necessary for the appellant to pass the roadhouse on his way to his home. He obtained a ride in a truck owned and driven by Tom Pendergrass, a neighbor. Clifton Pendergrass, a son of Tom Pendergrass, was also in the truck. When the truck reached Rowland's place, it was stopped and the Pendergrasses and appellant got out and started toward the roadhouse. Steele and John Kelly were seated on the porch. John Shouse, a young boy, passed along the road in an automobile just as the truck stopped, and he testified that Thomas had a pistol in his hand. John Kelly testified that Steele advanced toward the truck as soon as it stopped and, anticipating trouble, he ran toward the center of the road to get out of the line of fire. The shooting began immediately, but he was unable to say who fired the first shot. When he looked around, Steele was lying on the ground and appellant was beating him on the head with a pistol. Several persons in the vicinity heard the shots and went to the scene of the trouble. When they arrived Steele was lying on the ground in a helpless condition. His pistol had fallen from his hand and was lying on the road. Appellant struck him on the head twelve or fifteen times with the pistol, and then kicked him about the face and head. According to the testimony of Dr. O. F. Hume and others, Steele's skull had been crushed by the blows and his face had been badly mutilated. Appellant testified that Steele fired the first shot and continued to advance toward him. He then drew his pistol and fired one or two shots. His pistol "jammed" and he struck Steele on the head and knocked him down. Appellant was wounded in the chest and leg, and Tom Pendergrass, who was between Steele and appellant when the shooting began, was struck by a bullet from Steele's pistol and killed.

The weight of the evidence probably supports appellant's theory that Steele was the aggressor and that appellant, at least at the outset, acted in self-defense. However, there was some evidence tending to show that appellant was the aggressor both in the difficulty in Combs' saloon in Beattyville and in the one at Rowland's place resulting in Steele's death. Moreover, there was ample evidence to authorize a finding by the

jury that appellant used more force than was necessary to defend himself. After Steele had been disarmed and was in a helpless condition, appellant beat him brutally and mercilessly. Steele was not shot, but his death resulted from the blows on his head. Even if appellant had been justified in shooting at the deceased and striking him to avert the danger to himself, it was unnecessary to continue beating deceased after he had been disarmed and appellant was no longer in danger. Under the evidence, the jury had the right to find that appellant used more force in taking the life of the deceased than was necessary to protect himself under his right of self-defense. Nunley v. Com., 272 Ky. 253, 114 S. W. (2d) 71.

Complaint is registered against certain evidence admitted over appellant's objection. Mrs. Wilgus Steele testified concerning two difficulties between appellant and deceased which occurred a few weeks before the homicide and in which appellant threatened to kill her husband. There was evidence that ill feeling between appellant and deceased had existed for some time, and continued until the homicide. The testimony objected to was admissible to show appellant's state of feeling and motive. Holcomb v. Com., 207 Ky. 372, 269 S. W. 349; Simpson v. Com., 245 Ky. 202, 53 S. W. (2d) 364; Canada v. Com., 281 Ky. 641, 136 S. W. (2d) 1061.

Oral Oaks was permitted to testify that appellant came to his gasoline filling station in Beattyville shortly after the homicide and left Steele's pistol as security for gasoline purchased by him. Appellant complains because counsel employed to assist the Commonwealth's attorney referred to this testimony in his argument to the jury and stated, or inferred, that appellant was also guilty of the crime of larceny. The evidence itself did not show that a separate crime had been committed. The alleged improper argument based on the evidence is not incorporated in the bill of exceptions nor made a ground for a new trial. The record neither shows that such an argument was made nor that it was objected to. Unless seasonable objection is made to improper argument by the Commonwealth's attorney, the error, if any, is waived. Commonwealth v. Denny, 271 Ky. 608, 112 S. W. (2d) 1016.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.